```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


JEFFREY STONE                        :
                                     :
V.                                   :   CIV. NO. 3:04CV985 (HBF)
                                     :
BBS AUTOMOTIVE GROUP, INC.           :
d/b/a CARRIAGE HOUSE MOTOR CARS      :
```

### RULING ON DEFENDANTS' MOTION FOR SANCTIONS

On May 27, 2004, plaintiff filed a complaint in the Superior Court, Judicial District of Stamford-Norwalk, alleging: Count I - breach of contract; Count II - conversion; Count III - rescission; and Count IV - a violation of the Connecticut Unfair Trade Practices Act.  On June 16, 2004, the defendant removed the complaint to the United States District Court for the District of Connecticut, and on June 25, 2004, filed its answer denying the allegations contained in Counts I through IV.  On December 20, 2004, the parties voluntarily agreed to dismiss the allegations in Count IV.  [Doc. #14].  The Court approved the dismissal of Count IV on December 21, 2004.  [Doc. #16].  Pursuant to the Court's order, trial counsel submitted pre-trial memoranda on April 11, 2005.  [Docs. #27 and 29].

On May 3, 2005, plaintiff's counsel filed a motion in limine, seeking to preclude from trial evidence relating to plaintiff's prior conduct.[1]  Specifically, plaintiff sought

---

[1]  Plaintiff also moved to amend the complaint adding a count for specific performance.  The motion to amend the

exclusion of the following evidence:

    i)    plaintiff's 1999 securities fraud conviction, based on violations of 18 U.S.C. §§ 1343 and 1346 and 18 U.S.C. § 1952;

    ii)   the sentence related thereto;

    iii)  the fact that plaintiff served one year imprisonment and was released in August 2001;

    iv)   four DWI convictions in the State of Texas;

    v)    plaintiff's conviction for "bail jumping" in the State of Texas;

    vi)   plaintiff's personal bankruptcy filing; and

    v)    the civil restraining order requested by the Securities & Exchange Commission and entered by the United States District Court for the Southern District of New York, prohibiting plaintiff from engaging in certain securities practices.

Plf.'s Limine Mem. at 1. Plaintiff argued that, under Rule 403 of the Federal Rules of Evidence, any probative value of this evidence was "far outweighed" by unfair prejudice. Plf.'s Limine Mem. at 2.

On May 5, 2005, defendant filed its opposition to plaintiff's motion in limine. [Doc. #32]. Defendant argued that the securities fraud conviction was "unequivocally" admissible pursuant to Fed. R. Evid. 609(a)(2).[2] Def.'s Obj. at 6. Defendant made a parallel argument with respect to the "bail

---

complaint was granted on August 9, 2005. [Doc. #42]. Plaintiff filed the amended complaint on September 15, 2005, and on September 23, 2005, defendant filed its answer to the amended complaint. [Docs. #45 and 47].

    [2] Rule 609(a)(2) provides: "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment."

jumping" conviction, asserting that "bail jumping" is a crime involving dishonesty.  Def.'s Obj. at 9.  As to the remaining acts, defendant claimed that, under Rule 403, the evidence was relevant and admissible.[3]

In addition to the objection to the motion in limine, defendant also filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  [Doc. #35].  As a basis for this motion, defendant alleges that plaintiff's motion in limine was frivolous, in that plaintiff failed to conduct a "reasonable inquiry" into whether the relief requested was warranted by existing law.  Def.'s Sanctions Mem. at 3.

On June 24, 2005, plaintiff filed an objection to the motion for sanctions. In opposition, plaintiff conceded that the securities fraud conviction would be admissible pursuant to Fed. R. Evid. 609(a)(2), and therefore, withdrew that issue from the motion in limine.  Plf.'s Obj. to Sanctions at 4.  Plaintiff argues that all other acts listed in the motion in limine are proper, are necessary to protect a fair trial, and are completely within the discretion of the court.  Plf's. Obj. to Sanctions at 3-4.

---

[3] Defendant did state that it has no intention of offering the 4 DWI convictions, except to the extent that they establish a basis for the "bail jumping" conviction. Def's. Obj. at 9. Defendant also stated that it did not consider plaintiff's personal bankruptcy relevant and had no intent to offer such evidence at trial.  Def.'s Obj. at 6.

For the reasons that follow, Defendant's Motion for Sanctions [Doc. # 35] is **DENIED**.

I.  STANDARDS FOR IMPOSING SANCTIONS

Defendant requests that sanctions be imposed pursuant to Rule 11 of the Federal Rules of Civil Procedure, against plaintiff and plaintiff's counsel, Eric D. Grayson, Esq.

   A.  Rule 11 Requirements

Rule 11 is aimed at curbing abuse of the judicial system, and "provides a vehicle for sanctioning an attorney, a client or both." United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1343 (2d Cir. 1991).  Specifically, Rule 11 provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cot of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>  . . .

Fed. R. Civ. P. 11(b).

Rule 11, therefore, imposes upon attorneys an affirmative duty of pre-filing inquiry into the facts and the law.  The

4

standard for determining whether this duty has been fulfilled is objective, intending to eliminate any "empty-headed pure-heart justification for patently frivolous arguments." Fed. R. Civ. P. 11, Advisory Committee's Notes to 1993 Amendments.  An attorney's subjective good faith will not suffice to protect a meritless or frivolous claim from Rule 11 censure.  Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 253-254 (2d Cir. 1985), cert. denied, 484 U.S. 918 (1987).

Sanctions are only warranted where "it is patently clear that a claim has no chance of success under existing precedents," Oliveri v. Thompson, 803 F.2d 1265, 1275 (2d Cir. 1986) (quoting Eastway, at 254), cert. denied, 480 U.S. 918 (1987), or when a plaintiff persists with a claim after it has become patently clear it has no basis in fact or law.  Fuji Photo Film U.S.A, Inc. v. Aero Mayflower Transit, Co., Inc., 112 F.R.D. 664, 667 (S.D.N.Y. 1986).  The court must resolve any and all doubts in favor of the signing party.  Oliveri, 803 F.2d at 1275; Perez v. Posse Comitatus, 373 F.3d 321, 324 (2d Cir. 2004);  Padgett v. Dapel, 791 F. Supp. 438, 442 (S.D.N.Y. 1992) (Rule 11 sanctions not warranted where party argued, albeit unsuccessfully, that existing law was distinguishable or should be extended), aff'd, 992 F.2d 320 (2d Cir. 1993).

A court must be wary of the benefits of hindsight.  The Rule only requires reasonableness under the circumstances.  Oliveri, 803 F.2d at 1275.  As such, "the relevant inquiry [becomes] whether a specific filing was, if not successful, at least well

5

founded."  Business Guides, Inc. v. Chromatic Communications Enter., Inc., 498 U.S. 533, 553 (1991) (upholding sanctions against corporate plaintiff for failure to conduct reasonable inquiry before signing TRO application); accord Bartel Dental Books Co., Inc. v. Schultz, 786 F.2d 486 (2d Cir. 1986) (standard is whether a competent attorney could believe that claim was warranted by existing law or a good faith argument for extension, modification, or reversal of existing law), cert. denied, 478 U.S. 1006 (1986); Padgett, 791 F. Supp. at 442.

    B.    Plaintiff and Attorney Grayson - Rule 11

Defendant seeks a finding that plaintiff and Attorney Grayson violated Rule 11 by filing a motion in limine which included a claim for exclusion of plaintiff's securities fraud conviction.  While Rule 11 is designed to correct litigation abuse, the Advisory Committee's intent was not to create an "automatic penalty against an attorney or a party advocating the losing side of a dispute."  Gaiardo v. Ethyl Corp., 835 F.2d 479, 482 (3d Cir. 1987).  The comments to Rule 11 also emphasize the fact that the Rule "provid[es] protection against sanctions if [a party] withdraw[s] or correct[s] contentions after a potential violation is called to their attention."  Fed. R. Civ. P. 11, Advisory Committee's Notes to 1993 Amendments.

Ultimately, the finding of a Rule 11 violation rests in the hands of the court as a "judgment call."  Kale v. Combined Ins. Co. of America, 861 F.2d 746, 758 (1st Cir. 1988).  "[E]ven if the district court concludes that the assertion of a given claim

6

violates Rule 11, the decision whether or not to impose sanctions is a matter for the court's discretion." Perez, 373 F.3d at 325. Additionally, Rule 11's Advisory Committee notes clearly state that "the court should not ordinarily have to explain its denial of a motion for sanctions." Perez, 373 F.3d at 327.

Applying these standards, it is not patently clear that plaintiff's motion in limine fell below the objective reasonableness standard Rule 11 imposes on attorneys. It is clear from the record that plaintiff did not limit the motion in limine to the securities fraud conviction.  In fact, plaintiff raised six (6) additional prior acts of plaintiff that he argued should be excluded from the evidence presented at trial.

Defendant appears to argue that it should have been patently clear to Attorney Grayson, when he did his research, that his argument regarding the securities fraud conviction had absolutely no chance of success under the existing rules of evidence, and thus, was frivolous and presented in bad faith.  However, once defendant objected to the motion in limine, plaintiff immediately withdrew his argument with respect to the securities fraud conviction.  Defendant should certainly have been aware of plaintiff's withdrawal which was definitively stated in his opposition to the motion for sanctions.  As Plaintiff did not continue to assert an unfounded position, Rule 11 sanctions are not appropriate.  Gambello v. TIme Warner Communications, Inc.,

186 F. Supp.2d 209, 229 (E.D.N.Y. 2002) (sanctions appropriate where plaintiff refused to withdraw a claim that was clearly erroneous) and Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1328 (2d Cir. 1995) (withdrawal one year after the motion for sanctions was filed, and one week after the court said it was considering sanctions, vitiated any Rule 11 argument). Plaintiff's conduct is not the type of conduct that Rule 11 intended to sanction.

Additionally, the appropriate inquiry under the objective standard of review is whether a competent attorney could form a reasonable belief as to the validity of what is asserted in the papers. Eastway, 762 F.2d at 254. Application of this standard to this case reveals that Attorney Grayson neither ignored nor misrepresented any factual matter that came to his attention. Instead, Attorney Grayson applied the facts and presented his arguments with respect to the motion in limine. While defendant may disagree with Attorney Grayson's conclusions, it has failed to show that: 1) any facts were ignored or misrepresented in the pleadings; 2) that the motion was filed in bad faith; 3) that Attorney Grayson willfully ignored the Federal Rules of Evidence, and 4) that the motion asserted frivolous and baseless claims. In fact, all but one of the arguments raised are plausible and require the Court to conduct a Rule 403 balancing test. The assertion that plaintiff's conduct is sanctionable is not supported.

III. <u>CONCLUSION</u>

Accordingly, the Motion for Rule 11 Sanctions against plaintiff and Attorney Grayson is DENIED.

Dated at Bridgeport, Connecticut this 17th day of January, 2006.

```
            _____/s/_____
            HOLLY B. FITZSIMMONS
            UNITED STATES MAGISTRATE JUDGE
```